CHARLES P. BARNARD & others, petitioners, appellants, *vs.* CHARLES B. STONE, executor.

GEORGE C. ABBOTT, petitioner, appellant, *vs.* SAME.

Middlesex.    March 22, 23, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Devise and Legacy — Conveyance by Cestui que Trust to Trustee upon Agreement for Support during Life.*

A testator, by his will, provided as follows: "To my beloved wife C. all of the residue of my property, real, personal, or mixed: at any time that she wish: and until she shall wish to use the same, to relieve her from the care, and trouble of taking care of the same, I direct that the trustee hereafter named, to pay her any sum of money, or give her any of said property that there is remaining. At her decease after paying all her debts and funeral charges and erecting suitable gravestones or monuments: all of said property then unexpended to my said son." He also appointed S. executor and trustee. C. conveyed to S. all of the residue bequeathed to her, in consideration of his agreement to support her during her life, to provide for her a proper burial, and to erect a suitable monument over her grave. A jury, upon issues submitted to them, found that she was of sound mind when she executed the conveyance; that it was not procured by the fraud or undue influence of S.; that she, being of sound mind, assented to the allowance of his account; and that such assent was not procured by the fraud or undue influence of S. *Held*, that a decree of the Probate Court, allowing the account of S., must be affirmed.

TWO APPEALS from decrees of the Probate Court, allowing the accounts of Charles B. Stone as executor of and trustee under the will of Levi Barnard, the third article of which was as follows: "To my beloved wife Charlotte Barnard all of the residue of my property, real, personal, or mixed: at any time that she wish: and until she shall wish to use the same, to relieve her from the care, and trouble of taking care of the same, I direct that the trustee hereafter named, to pay her any sum of money,

or give her any of said property that there is remaining. At her decease after paying all her debts and funeral charges and erecting suitable grave stones or monuments : all of said property then unexpended to my said son Charles P. Barnard."

Hearing before *Allen*, J., who reported the cases for the consideration of the full court. The facts material to the point decided appear in the opinion.

*S. J. Elder & A. A. Wyman,* for the appellee.

*F. C. Nash,* for the appellants.

FIELD, C. J. The question in these cases is whether, under the third article of the will of Levi Barnard, Charlotte Barnard, his widow, took an absolute title to the residue of his property, or a life interest with an absolute power of disposal of the whole of it, or a life interest with the right to receive only such portions of the principal and income as should be reasonably necessary for her use. She conveyed to Stone, the executor and trustee, all of this residue in consideration of his agreement to support her during her life, to provide for her a proper burial, and to erect a suitable monument over her grave. Such an agreement between a trustee and his *cestui que trust* is open to grave suspicions, but the jury, on issues submitted to them and under instructions not objected to, have found that she was of sound mind when she executed the conveyance, and that it was not procured by the fraud or undue influence of Stone, and also that she, being of sound mind, assented to the allowance of his first account, and that this assent was not procured by the fraud or undue influence of Stone. We assume that if the trustee had been directed by the will to pay over to her only such sums as were reasonably necessary for her comfortable support, and if the amount in his hands remaining unexpended on her decease was to be paid to the testator's son, Charles P. Barnard, the conveyance would be in violation of the trust, and that the trustee must account for all the property not expended for her support. The terms of the bequest, however, show that the testator did not intend to limit her to such sums as either the trustee or herself deemed necessary for her comfortable support. She was to have it all at any time when she wished; and a trustee was appointed to relieve her from the trouble of taking care of it until she wished to use it, and then he was to pay to her any

sum of money or give to her any of the property remaining in his hands. We think that this means that it was the duty of the trustee to deliver to her any or all of the property at any time when she wished for it, and that she could terminate the trust at any time and obtain possession of all the property and hold it as her own absolute property. We do not see why the transaction between her and Stone was not in legal effect equivalent to a request of him as trustee for a conveyance to her of all the property, and to a reconveyance of it to him personally as the consideration of his agreement to support her during her life. If there is no other objection to such a transaction, we cannot say that it was beyond the power given her to deal with the property. It is immaterial in this case whether all the property was absolutely hers whether she asked for it or not, or whether she had only the absolute power to make it all hers by asking for it, because it must be taken that if she had such a power she has exercised it by her conveyance. See *Joslin* v. *Rhoades*, 150 Mass. 301 ; *Chase* v. *Ladd*, 153 Mass. 126 ; *Kent* v. *Morrison*, 153 Mass. 137 ; *Foster* v. *Smith*, 156 Mass. 379.

The decrees of the Probate Court must be affirmed.

*So ordered.*