1,134.

## THOMPSON *v*. MURPHY ET AL.

WILL.—*Devise.*—*When Subject to Payment of Devisee's Debts.*—*Life Estate.*—*Rents and Profits.*—*Trust.*—Where a mother willed and devised to her son, during his natural life, all her right, title and interest in certain real estate, providing that "He shall have the rents and profits arising from my interest in said property, to wit: One-third for his own use and support, but no part thereof shall be subject to payment of his debts, and he shall not encumber the same," the right to the possession, as well as the management and control of the property from which the rents and profits are derived being in the son, no trust was created under the terms of the will, and the son's interest in the property devised was subject to levy and sale for the payment of his debts.

Appeal from Henry Circuit Court.

*W. E. Jeffrey,* for appellant.

*T. B. Redding* and *C. N. Mikels,* for appellees.

Ross, J.—This was a suit in attachment and garnishment brought by the appellant against the appellees upon a promissory note executed by the appellee Leander E. Murphy. The other appellees were made garnishee defendants. The appellee Murphy filed his separate answer to the complaint, the sufficiency of which answer is the only question presented on this appeal.

This answer is predicated upon a clause in the will of Elizabeth Murphy, deceased, and a construction of that will is decisive of the sufficiency of the answer. The clause in the will referred to reads as follows: "I will and bequeath to my son Leander E. Murphy, for and during his natural life, all my individual right, title and interest in and to the real estate known as the 'Murphy Block,' on the southeast corner of Broad street and Main street, in New Castle, Ind., on condition that he keep

the same insured, and that he keep the taxes on said part paid. He shall have the rents and profits arising from my interest in said property, to wit: One-third for his own use and support, but no part thereof shall be subject to payment of his debts, and he shall not encumber the same. At his death I will and bequeath that the same shall vest in and become the property in fee simple of Harry E. Murphy and Howard J. Murphy, children of said L. E. Murphy."

Appellant insists that under this provision of the will the appellee Murphy took a life estate in the real estate bequeathed, with the remainder over in fee to his children; that the right to the rents and profits of the property demised entitled him to the possession and control of the property during his lifetime; that this right is such an interest in the real estate as subjects it to sale for the payment of his debts.

To use counsel's own words, appellant claims: "First, That the will under consideration does not restrain, or attempt to restrain, the said Leander E. Murphy from alienating the rents and profits, and the proceeds arising from said real estate, and consequently that the same can be alienated by him or taken for his debts.

"Second, That a will which expresses a purpose to vest in a devisee, either personal property or the income of real estate, and secure to him its enjoyment, free from liability for his debts, is void on the grounds of public policy, as being a fraud on the rights of creditors."

The only right to, or interest in, the property described, which the appellee Leander E. Murphy has, is such as he derived under this provision of his mother's will, and whether that right or interest is a conditional and limited life estate in the real estate, or a mere legacy to be paid out of the rents and profits therefrom, dependent upon

certain conditions, is immaterial.   For, if a life estate, it is but a conditional one, and limited to a particular purpose.   The language of the will is that she wills and bequeaths to her son, "for and during his natural life," all her "right, title, and interest," etc.   If the testatrix had stopped here there could be no question but what the interest taken by her son would have been an absolute life estate and subject to alienation, but she attempts to limit the estate when she says " He shall have the rents and profits arising from my interest in said property, to wit: one-third for his own use and support, but no part thereof shall be subject to payment of his debts, and he shall not encumber the same."   It was evidently the intention of the testatrix to make a provision for her son's support which could not be alienated by him or subjected to the payment of his debts.   It was made for a particular purpose, and if one which she had the power to make, and was properly executed, could not be diverted by any legal process.

The power to create an inalienable life estate is a question which has been before many courts of last resort in this country, and the trend of the earlier authorities was against such right.   But the question whether the owner of property can found a trust and thereby secure to the object of his bounty an income or sustenance, which shall not be alienable by the donee or subject to be taken by his creditors, is settled by many well considered cases. *Broadway Natl. Bank* v. *Adams*, 133 Mass. 170; *Foster* v. *Foster*, 133 Mass. 179; *Maynard* v. *Cleaves* (Mass.), 21 N. E. Rep. 376; *Exrs. of White* v. *White*, 30 Vt. 338; *Shanklin's Appeal*, 47 Pa. St. 113; *Barnett's Appeal*, 10 Wright, 392; *Fisher* v. *Taylor*, 2 Rawle, 38; *Rife* v. *Geyer*, 59 Pa. St. 393; *Hyde* v. *Woods*, 94 U. S. 523.

There has been no direct adjudication of this question in this State that we have been able to find.   In *Martin,*

*Trustee,* v. *Davis,* 82 Ind. 38, the Supreme Court was called upon to determine whether a legatee under a will for whose benefit a trust had been created could assign, in anticipation, the income of the fund set apart in trust. The will directed that the income of the fund be paid semi-annually by the trustee to the *cestui que trust,* but no particular use of the income was enjoined, and no conditions were attached to the gift. The court there held that the right of alienation was not limited. In the course of the opinion, however, the court says: "We need not decide in this cause whether the owner of personal property, in a testamentary disposition thereof, may or may not give in trust its income, free from the debts of the beneficiary, or restrain him from the alienation thereof."

As said by Justice Miller in *Nichols* v. *Eaton,* 91 U. S. 716, "Nor do we see any reason, in the recognized nature and tenure of property and its transfer by will, why a testator who *gives,* who gives without any pecuniary return, who gets nothing of property value from the donee, may not attach to that gift the incident of continued use, of uninterrupted benefit of the gift, during the life of the donee. Why a parent, or one who loves another, and wishes to use his own property in securing the object of his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence, or incapacity for self-protection, should not be permitted to do so, is not readily perceived."

From these decisions, which we think are based upon sound and equitable principles, the testatrix had a right to provide the means for the subsistence of her son, without exposing it to his improvidence, and free from levy and sale by his creditors. It is evident from the provision of the will under consideration, that the testatrix intended to give to the appellee one-third of the

rents and profits of the property described, during his natural life, and that he should have no power of alienation in anticipation, or that the same should not be subject to the payment of his debts. While this was her apparent intention, has she, by her bequest, created such a trust as restricted his power of alienation, and vested in him simply the right to the use of the rents and profits of the trust property? We are controlled in the decision of this case, not by what the testatrix may have intended in fact, but what, by the language used, she expressed. What did she do, giving to such language the meaning which the law applies to it? A bequest of the rents and profits of real estate, either for life or for a period of years, without limitation or condition, entitles the devisee to the possession and control of the property devised. *Thompson, Exr.,* v. *Schenck,* 16 Ind. 194.

The will under examination gives to Leander E. Murphy the rents and profits during his natural life. No trust is created, for no trustee is named whose duty it is to take possession of the property, manage and control it, and apply its proceeds to a specific purpose. The right to the possession, as well as the management and control of the property, from which the rents and profits are derived is in the appellee Murphy. The language used to limit the estate taken is not sufficient to make the rents and profits applicable only to a particular purpose, but vested in him an estate in the real estate itself. That a devise of the rents and profits of land is equivalent to a devise of the land itself, and carries with it the legal as well as the beneficial interest therein is well settled in this State. *Bowen* v. *Swander,* 121 Ind. 164, and cases cited.

No trust having been created under the terms of the

will, appellee Murphy's interest in the property was subject to levy and sale for the payment of his debts.

Judgment reversed with instructions to sustain the demurrer to the separate answer of Leander E. Murphy, and for further proceedings not inconsistent with this opinion.

Filed June 19, 1894; petition for rehearing overruled Oct. 12, 1894.