## Estate of David D. Wagener, deceased. Appeal of Richard Heckscher.

*Trusts and trustees—Contingent estate.*

The owner of a contingent interest in real estate cannot compel an accounting by a trustee of the particular estate therein.

Argued March 8, 1899. Appeal, No. 75, Jan. T., 1899, by Richard Heckscher, from decree of O. C. Northampton Co., dismissing petition for an order to compel a trustee to account. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition by Richard Heckscher for a citation against Brentano Clemens to compel him to account as trustee under the will of David D. Wagener, deceased.

From the record it appeared that David D. Wagener died at the city of Easton, Northampton county, in 1860. He left a will, in which, inter alia, he devised a large lot of land on the north side of Northampton street, between Fourth and Fifth streets, in the city of Easton, to trustees therein named, for the benefit of his daughter, Susan B. Clemens, for her life. The lot of land is fully described in the petition, printed in the appendix, and contains in front on Northampton street fifty-two feet and in length or depth 240 feet to Church street. This lot, with the appurtenances, was given to the trustees " to receive and pay over to the said Susan B. Clemens, the wife of Jacob B. Clemens, for her sole and separate use during her natural life, the rents, issues and profits of the said real estate . . . . as the

same shall or may become due and be received, her own receipt or receipts shall be a good and sufficient discharge or discharges to the said trustees.   And at her decease I give, devise and bequeath the said real estate with the appurtenances in fee simple . . . . equally to and amongst all the heirs of her body if she should have any." Then follows a provision making disposition of the said real estate in the event of the death of Susan B. Clemens leaving no issue.

Susan B. Clemens is still living, and there are three of her children now surviving, viz: Harold, Brentano (the trustee), and Maurice Clemens.   On June 20, 1890, Richard Heckscher instituted proceedings by foreign attachment in the court of common pleas of Northampton county to No. 14, August term, 1890, against the firm of George K. Sistare's Sons, of New York city, which firm consisted of W. H. M. Sistare and Harold Clemens, to recover a debt due from that firm to the plaintiff.

Under the writ issued in this case the sheriff attached all the interest of Harold Clemens in the real and personal property held by the trustees under the third paragraph of Wagener's will.   On December 4, 1893, judgment was entered in said action in favor of Richard Heckscher against the said Harold Clemens for $87,000, the judgment being entered upon an agreement in writing signed by Harold Clemens.

A writ of fi. fa., No. 51, July term, 1898, was issued upon this judgment, and by virtue thereof the sheriff levied upon the right, title and interest of Harold Clemens in the real estate mentioned.   A writ of ven. ex. de terris, No. 16, September term, 1898, was issued, and the right, title and interest of Harold Clemens in said real estate was advertised and sold by the sheriff, was purchased by the plaintiff, Richard Heckscher, and a deed to him for the same was acknowledged by the sheriff in open court on October 3, 1898.

SCHUYLER, P. J., filed the following opinion:

The question is whether the owner of a contingent interest in real estate has a standing in court to call upon a trustee of the particular estate to file an account.   In Keene's Appeal, 60 Pa. 504, the Supreme Court uses the following language: "If those who have existing interests, immediate or remote in the time of enjoyment, but which must certainly fall into possession

at some time, do not call the executor or trustee to account, or if there be none such, it does not seem to be necessary to the due administration of justice, that one having no interest should maintain a suit that may never result in any benefit to himself." The subject of controversy in that case was personal property, and it was accordingly held that the owner of a contingent interest in that kind of property had no standing to call for an account.   Beyond doubt the decision would have been the same way if the subject of controversy had been real estate, for real estate is in less danger of maladministration and the holder of a contingent interest therein has his remedy by injunction in case of waste.   It was in consequence of the foregoing decision that the Act of April 17, 1869, P. L. 70, sec. 1, Purd. Dig. 622, was passed: Keene's Appeal, 64 Pa. 273.   That act provided that "the owner of any contingent interest in the personal property of any decedent may legally require the custodian thereof to file an account."   In view of the language of the Supreme Court above cited, which applies equally to real and personal property, the limitation of the provisions of the act to "personal property" is certainly significant.   The petitioner claims to be the holder of a contingent interest in the decedent's real estate, and he is now asking that we make a decree requiring the trustee of the particular estate to file an account.   The burden is on him to show that we have jurisdiction to grant this relief. We have been furnished with neither statute nor authority, either conferring or recognizing such jurisdiction.   It follows that his petition must be dismissed.

January 23, 1899, petition dismissed. [3]

*Error assigned* was the decree of the court.

*James W. Wilson*, for appellant.—It was practically admitted by the counsel for the respondent in the court below that at the time the judgment of Richard Heckscher was recovered, Harold Clemens had a contingent remainder in the real estate devised under the third paragraph of the Wagener will.   The answer filed by the trustee admitted that Harold Clemens had a "contingent interest in a portion of said trust fund, the amount and character of which cannot be known until the decease of the life tenant, Susan B. Clemens, and the final settlement of said "trust estate."   It was apparently settled in Heckscher v. Clem-

ens, 185 Pa. 476, that this paragraph of Wagener's will created an active trust for Susan B. Clemens for life and for contingent remainder-men, of whom Harold Clemens, as one of the children of Susan B. Clemens, was one. The interest which he took, whatever it may have been, was vested in him at the time the Heckscher judgment was entered. The language of Wagener's will with reference to the disposition of this real estate at the death of Susan B. Clemens, the life tenant, is as follows : " And at her decease I give, devise and bequeath the said real estate with the appurtenances in fee simple, . . . . equally to and amongst all the heirs of her body if she should have any," etc.

This provision means that the control of the trustee over the real estate ends at the death of the life tenant; that immediately upon her decease the real estate vests under the will, in the first instance, in her children then living, with the issue of any who may then be deceased, leaving such issue. The trustee would have no power to make any conveyance thereof, and the court would have no power to authorize a conveyance. No act of the trustee nor decree of the court would be needed to perfect the title to such of Mrs. Clemens's children who may then be living, or their issue, but that title vests at once in such children, or issue, or their alienees under their own deed, or (as in the case in hand) by act and operation of law. The denial of interest set up in the answer was treated in the court below, not as an actual denial of interest, but as an allegation that a contingent remainder in land, like in the case before us, is not the subject of lien, and could not be taken in execution and sold.

We submit that it is rather late in the day to question in the courts of this state the lien of a judgment upon an interest of this character, and the standing of a purchaser at a sheriff's sale thereunder. The law with us was long since settled, and the decisions have been so uniform, that there are but few reported cases in our state within the present generation where the doubt as to the lien of a judgment such as is met here has been even suggested. The authorities which follow settle beyond controversy that the interest which Harold Clemens took under the Wagener will was subject to the lien of the judgment of Richard Heckscher, and that a sheriff's sale under an execution issued on such judgment vested a good title to such interest in the purchaser.

The interest which Harold Clemens took under the Wagener will was subject to the lien of the judgment of Richard Heckscher, and a sheriff's sale under an execution issued on such judgment vested a good title to such interest in the purchaser.

A judgment is a lien on every possible interest which the defendant has in real estate: Trickett on Liens, sec. 187; Becker's Appeal, 27 Pa. 54.

In Pennsylvania, it has been long settled that the lien created by judgments extends beyond the limits of the common law, and that here a judgment is a lien on every kind of equitable interest in land; it is a lien on every kind of right vested in the debtor at the time of judgment, which can be sold; and on the venditioni exponas the sheriff sells and conveys all his right, whatever it may be: Lynch v. Dearth, 2 P. & W. 110; Russell's App., 15 Pa. 322; Carkhuff v. Anderson, 3 Binn. 6; Krause's App., 2 Wh. 402; DeHaas v. Bunn, 2 Pa. 335; Ogden v. Knepler, 1 Pearson, 145; Beard v. Deitz, 1 Watts, 309, Lancaster County Bank v. Stauffer, 10 Pa. 398; Boyt's App., 183 Pa. 99.

In view of the authorities which have been cited it would be useless for the appellee to deny the right of Richard Heckscher, as the purchaser of Harold Clemens's interest at a sheriff's sale held under an execution issued upon a valid judgment, to the ownership of that interest which Harold Clemens took in this real estate under the Wagener will.

If Richard Heckscher has established his title to that interest which Harold Clemens had in the real estate mentioned in the third paragraph of this will, is he entitled to have an account filed by the trustee? The learned judge who heard the case decided that the court had no jurisdiction to grant the relief sought by the petition. In considering this matter it must be borne in mind that this real estate was not devised to Susan B. Clemens for life, but to trustees named in the will. Their duty was to collect the income therefrom, to pay all proper charges against that income, and then to pay over the balance to the cestui que trust.

Has this trustee been faithfully performing his duties, duties which he owes to the remainder-men as well to the cestui que trust?

Surely those interested in remainder are entitled to know, and how are they to know except an account be filed?

By the Act of May 23, 1889, P. L. 320, city and school taxes, if unpaid, are made a lien on the real estate in cities of the third class, in which Easton is included.

It has been repeatedly decided that the tenant for life must pay these taxes: Schaffer's Appeal, 1 Pitts. 358; McDonald v. Heylin, 4 Phila. 73; Jewell's Estate, 1 W. N. C. 404.

All proper expenditures by the trustee for ordinary repairs and the maintenance of the real estate can be made a lien thereon at the suit of the creditor if the same be not paid by the trustee. All charges of this character must be satisfied out of the income.

It is the duty of the trustee to keep the buildings upon this real estate insured against fire, and the premiums paid therefor are a proper credit to him in his account with the life tenant.

We submit, that as charges against the real estate, such as taxes, water rents, premiums for fire insurance and all proper expenditures for the maintenance of the estate are to be paid out of the income, and which, if not paid out of the income, may become charges on the corpus and diminish the value of the same to the remainder-man, any one entitled to an interest in remainder should have the right to call for an account from the trustee.

The court below held, upon the authority of Keene's Appeal, 60 Pa. 504, and the apparent restriction in the Act of April 17, 1869, P. L. 70, of the right thereby secured to personal property, that the owner of a contingent interest in real estate had no right to an account. There was no authority cited to the court upon the argument where an account had been refused in a case like the one in hand, and the opinion of the court makes no reference to one like to it. True, Keene's Appeal, 60 Pa. 504, appears to have been relied upon by the learned judge who heard the argument, but the interest held by the petitioner there was altogether different from the interest which Harold Clemens took under the Wagener will, and which is now vested in the appellant. The interest held to be too uncertain in that case is described by Justice AGNEW as follows: " It is a bare possibility, dependent on the death of Ellen K. Mitchell without issue, and even after that comes a question of survivorship

between Henry and James, to be decided before any part can reach the children of James Keene, now deceased, of whom the petitioner is one."

In Dugan's Est., 15 W. N. C. 550, Judge PENROSE, in granting the application for a citation to file an account, calls attention to the fact that in Keene's Appeal the interest was dependent upon the death of the first taker without issue, and upon the further question of survivorship; and that there the possibility was potentia remotissima; and that in Dugan's estate the interest was contingent only upon the petitioner surviving his father." In other words, the contingency in Dugan's Estate was precisely the same as the case in hand, the only difference being that here the interest is contingent upon surviving the mother instead of the father.

*Russell C. Stewart*, with him *Frederick Green*, for appellee.— No matter if the children of Susan B. Clemens should assign their interest in the personal fund to an outsider, still their rights would be governed by the provisions of the will and the act of May 3, 1855, would not be so construed as to hold that these assignees were the kind of "different persons" therein referred to.

This matter of the petition for the improvement of the real estate cannot be considered now and will not receive further attention.

The petitioner has referred in his petition to the will of David D. Wagener.

When the case was argued in the court below we objected that under the authority of Heffner's Appeal, 119 Pa. 67, we were entitled to have the whole will made a part of the petition.

We subsequently agreed that the third, sixth and seventh clauses contained all that was important as bearing on the question involved in the present case.

The sixth clause is as follows:

"Sixth.—It is my will and I do hereby order and direct that my hereinbefore named children, to wit, Daniel Wagener, Elizabeth K. Leary, Susan B. Clemens, Sarah Eve Wagener and John O. Wagener or any, either and every of them shall have the right, liberty and privilege at any time to occupy and possess

or to receive the rents, profits and income of the said real estate or any part thereof, and to receive the dividends and interest of the said stocks, loans and pecuniary legacies hereinbefore respectively devised and bequeathed to them in trust, &c., without passing into the hands of their respective trustees or any of them."

This is most important. It gives Mrs. Susan B. Clemens the entire right and privilege to the rents, profits and income, without passing into the hands of the trustee at all.

Petitioner asks the court: " (a) To award a citation directed to the said Brentano Clemens, trustee, etc., commanding him to file in the office of the register of the said county of Northampton a just and true statement of his administration trust so far as it relates to the said real estate."

Where the entire right to these rents, etc., is in the hands of the life tenant, she certainly is the only one to demand an account.

An account will not be compelled upon the demand of anyone who may choose to make it.

No one but a creditor or party in interest has a right to demand an account. It would involve intolerable mischief if any intermeddler could compel an executor to file an account of his trust whenever demanded: Lightner's Est., 144 Pa. 273.

With reference to payment of taxes which he, in his argument, says are, if unpaid, a lien, it is enough to say that if petitioner is in the dark as to whether these have or have not been paid he can go to the public authorities and find out if they are paid or unpaid: Steen's Est., 175 Pa. 301; Parker's App., 8 W. & S. 449.

Ordinary repairs, while they must be paid out of the income, will not become liens against the property in any event: Martin's App., 23 Pa. 433.

Petitioner is not entitled to this relief because, under the Act of 1869, P. L. 70, Purd. Dig. 622, it is only a person who has a contingent interest in personal property who is entitled to ask for an account. The owner of a contingent interest in real estate has no such right: Keene's App., 60 Pa. 504; Keene's App., 64 Pa. 273.

Real estate cannot get away, and if there are acts amounting to waste those in remainder can protect themselves, but it required an act of assembly to give them this remedy. Prior

to the Act of June 8, 1891, P. L. 208, Purd. Dig. 2080, the owners of contingent interests could not protect themselves against waste either at law or in equity.

As late as Sager, Guardian, v. Galloway, 113 Pa. 500, the Supreme Court decided that a devisee of a contingent remainder could not maintain an action for damages in the nature of waste.

PER CURIAM, March 27, 1899:

The learned court below was so entirely correct in refusing the petition in this case that it is scarcely necessary for us to say anything more than is contained in the opinion. It is to no purpose to contend that a contingent interest in real estate may be levied upon and sold upon execution, because the purchaser could not acquire in that manner any other or higher interest than was held by his debtor. Keene's Appeal, 60 Pa. 510, certainly did decide that the owner of a contingent interest in personal estate had no right to call upon the trustee for an account, and when the act of 1869 was passed it gave no right to an account except as to personal estate. As the sixth clause of D. D. Wagener's will gave all the income both of the real and personal estate directly to the cestui que trust, without the intervention of any trustee, it is difficult to see how the trustee can be called upon to account for any part of the income, but as that question arises in another case, we do not decide it now.

Decree affirmed and appeal dismissed at the cost of the appellant.