### COPELAND et al. v. BRUNING.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

#### No. 984.

**1. FEDERAL COURTS—ENJOINING SUITS IN STATE COURTS—GROUNDS AUTHORIZING.**

In a suit in a federal court involving property which had been left by the will of the owner in trust for the benefit of the complainant, a decree was entered on a cross-bill ordering the sale of the property to satisfy a mortgage therein given by complainant to defendant, and directing that the surplus be paid to the trustees named in the will. Prior to the sale, complainant brought suits in a state court, praying for an accounting by such trustees and for their removal. *Held*, that such suits did not interfere with any property over which the federal court acquired jurisdiction which warranted the federal court in enjoining their prosecution.

Appeal from the Circuit Court of the United States for the District of Indiana.

The appeal is from a decree of the Circuit Court, enjoining appellants from further prosecution of two certain suits in the Circuit Court of Jefferson County, Indiana, and grows out of the following facts:

Under the will of John F. Bruning, father of appellant Clara Copeland and appellee William B. Bruning, part of the estate disposed of was devised to William B. Bruning absolutely, and part to him and one Horuff as trustees for the appellant. The trust expressed in the will is as follows:

"I bequeathe and devise all that part of my real estate of which I may die the owner, described as follows [describing the real estate now in litigation]: to my son William H. Bruning and Nicholas Horuff, trustees, and to the survivor of them and their successor or successors in said trust, upon trust, during the period of the married life of my daughter Clara, wife of William M. Copeland, and to apply the whole of the annual income, after paying taxes, insurance and necessary repairs, of said trust premises, for or toward the support and benefit of my said daughter and her husband. * * * When my said daughter shall become a widow; or when she, her husband and my son William H. Bruning shall jointly by an instrument in writing request said trustees or the survivor of them, or their successor or successors in said trust, to convey and transfer any portion or all of said trust property to my said daughter, Clara Copeland, said trustees shall in such event at once convey the same to her in fee simple by deed, in which said written request shall be recited; and such deed of conveyance shall vest the title to the real estate so conveyed to her in fee simple, free from said trust.

"But if my said daughter Clara should die after my decease and during the lifetime of her husband, William M. Copeland, without leaving issue alive, then my trustees aforesaid, or their successor or successors in said trust, shall convey said trust property to my son, William H. Bruning, in fee simple; and if

---

¶ 1. Federal courts enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

my said daughter should die in my lifetime and during the lifetime of her husband, or during her widowhood, without leaving issue alive at my death, then the said real estate, devised in this item upon trust for her, shall vest in my son, William H. Bruning, at my death, and I devise it to him accordingly. Should, however, my said daughter leave issue alive at the time of my death, in either of the foregoing events of her death, then such issue shall take such devise to her by way of representation."

Appellant Clara Copeland, being dissatisfied with this portion of the will, and having taken steps toward testing its validity, an arrangement between them was reached under which the brother advanced some money, the sister executing to him a deed of the property then in trust. Subsequently a suit was begun by the sister in the Circuit Court of the County of Jefferson, Indiana, for partition of the estate of her father, as if no will had been made and no deed executed, which suit was removed by appellee into the Circuit Court of the United States. Thereupon appellant amended the petition so as to include the transaction respecting the deed, charging that such deed was in the nature of a mortgage to secure the advances made to her by her brother, and asking, that upon the payment of such advances, the deed be cancelled, and the partition asked for take place.

To this appellee filed a cross bill, bringing into the case the will, admitting that the deed was a mortgage, and asking for the sale of the interest devised to Clara Copeland, to satisfy such mortgage. Subsequently the will was probated, and a supplemental cross bill filed bringing that fact into the record.

Thereupon, after hearing, the Circuit Court appointed a receiver, to whom appellee was required to account for rents and profits during the time the property of appellant was in his possession; and a decree entered establishing the debt of appellee. To satisfy this decree a sale was ordered, with provision that if out of the proceeds of the sale, there appeared to be any sums over and above the debt and costs of suit, the same should be paid to the trustees of Clara Copeland under the will.

The sale was originally ordered for the 27th of December, 1902, to take place at Madison, the County Seat of Jefferson County, but owing to a defect in the advertisement, the sale was postponed until the 31st day of January, 1903.

December 27th, 1902, appellants began in the Circuit Court of Jefferson County, two suits in substance asking for an accounting from the trustees named in the will; the removal of such trustees; and the appointment of new ones. It was not shown that anything was done by appellants in furtherance of their suits, other than to begin them. But, by petition of appellee, they were brought to the notice of the United States Circuit Court, and after hearing, a decree was entered, enjoining appellants, their agents and attorneys, from further prosecution of the suits; from which decree this appeal was taken.

The further facts are stated in the opinion of the court.

Smiley N. Chambers, for appellants.

Ferdinand Winter, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court:

It is said in maintenance of the injunctional order appealed from, that the suits enjoined were an attempt to interfere with the corpus of the property in the hands of the federal court; and, to establish this proposition, it is urged that the debt found due, with costs of suit, are more than enough to exhaust the property, to foreclose the lien on which the decree was entered. These facts, it is urged, constitute an extinguishment of the trust.

But no such fact was in the record at the time the decree was entered. The sale had not yet taken place, and it was not known that there would be no surplus. Indeed, provision for surplus was made

in the decree to be paid over to the trustees under the will. The suits in the state court related, among other things, to such surplus, and to that extent, at least, lay outside the jurisdiction of the federal court.

But it is said the suits in the state court were not limited to such surplus—that in effect, they challenged the decree of the federal court under which the debt was established and the accounting settled. Let this be admitted; even then the injunction is not justified, for to the extent that the subject matter of the suit in the state court was already settled by former adjudication, the defense should have been by plea in the court where the suits were brought, and not by injunction in another jurisdiction. No possession of the res was involved, and no conflict of courts could have followed, that would have affected the decree in the United States Court.

Though it was so argued, the facts of this case do not show that the commencement of the suits in the state court was in the nature of vexatious interference with the execution of the federal court's decree. Other than the mere filing of the complaints, no step was taken or threatened. The restraining decree under consideration did not undo what had already been done. The suits still remained as they were before the decree was entered. We cannot see how their prosecution could have added any further cloud to the title, or have tended to prevent persons having a mind to purchase, from attending the sale or bidding on the property. No element of vexatious interference of any kind, is apparent.

The decree must be reversed.