No. 15,057.

## JOHNSON v. GRAVES ET AL.

JUDGMENT.—*Action by Administrator.—Res Adjudicata.— Widow's Statutory Allowance.—Election.—Evidence.*—A testator devised certain land to his wife for life, with remainder to his son. The widow died intestate. The son sold the land, and after intermediate conveyances the defendant became the owner. In an action by the administrator of the widow's estate to enforce the collection of the statutory allowance of $500 against the land which the defendant had purchased, it was adjudged that the widow had elected to take under the will. To this action the defendant was made a party to answer as to his interest, and the plaintiffs were also made parties by reason of being heirs of the testator. Subsequent to this action the plaintiffs sued to recover a portion of one-third of the land, which they claimed to be entitled to as heirs of the widow, alleging that the widow did not elect to take under the will.

*Held*, that the record in the former action was not admissible in evidence on behalf of the defendant, as the plaintiffs were not estopped by the judgment rendered therein to assert title to the land.

From the Putnam Circuit Court.

*B. Crane* and *A. B. Anderson*, for appellant.

*W. B. Herod, J. F. Harney, G. D. Hurley* and *M. E. Clodfelter*, for appellees.

OLDS, J.—James McIver died testate in Montgomery county, Indiana, in February, 1884, seized in fee simple of the eighty acres of land described in the complaint, as well as other lands. He left surviving him his wife, Lucretia ; a son, William ; a married daughter, Malinda Mount ; and a granddaughter, Permelia Graves. He devised the eighty acres described in the complaint to his widow, Lucretia, for life, with remainder over to his son, William. He devised to his son, William, 163 acres of other land in fee ; to his daughter Malinda eighty acres of land in fee, and to his granddaughter, Permelia, $50 in cash. He gave to his widow all his household goods and kitchen furniture for and during her life, and required his son, William, to pay his debts. No executor qualified, nor was any administrator with the will

annexed appointed. The widow, Lucretia, died intestate in July, 1885, in possession of the eighty acres of land described in the complaint, leaving her surviving as her sole heirs at law her son, William; her daughter, Malinda Mount; and her granddaughter, Permelia Graves; and leaving no debts to be paid. After the death of the widow, William sold the eighty acres of land described in the complaint to Martha Fielder, who afterwards sold and conveyed the same to John Johnson, this appellant. After appellant bought the land appellees brought this suit for partition, claiming that Lucretia had failed to elect to take under the will of her deceased husband, and therefore as her heirs they were entitled to two-thirds of one-third of the land.

The appellant filed an answer in two paragraphs—one, a general denial; the second, an affirmative answer, averring that James McIver died testate, devising the eighty acres described in the complaint to his widow, Lucretia McIver, for life, with remainder over to William McIver; that Lucretia accepted the provision made for her in the will, and that after the death of Lucretia, William sold and conveyed the eighty acres to Martha Fielder, who, in December, 1886, sold and conveyed the same to Johnson, the appellant.

Appellant also filed a cross-complaint to quiet his title to the eighty acres, and issues were joined on the cross-complaint. The venue was changed to Putnam county. There was a trial, resulting in favor of the appellees. A motion for a new trial was filed and overruled. Exceptions taken to the ruling on the motion present the only error assigned.

The principal question discussed arises on the ruling of the court on the admission of evidence.

The appellees made their *prima facie* case by introducing an admitted statement of facts showing that James McIver died testate, seized in fee of the land described in the complaint, and that he left surviving him his widow Lucretia and the heirs hereinbefore named, and that Lucretia died intestate, and rested their case. There was proof that no claim

whatever had been filed against the estate of Lucretia, and the statement of facts showed that one Hurley had been appointed administrator of her estate.

The sixth paragraph of the agreed statement of facts is as follows:

"*Sixth*.   That Lucretia McIver, widow, never received her statutory allowance of five hundred dollars out of the estate of her husband, James McIver, and after her death, on the 5th day of January, 1885, the plaintiffs caused George D. Hurley to be appointed administrator of her estate for the purpose of procuring said statutory allowance; and that she left no debts."

The appellant offered in evidence a certified transcript of the complete record in a case of George D. Hurley, administrator of the estate of Lucretia McIver, against the appellees, the appellant, and William McIver, to enforce the collection of the statutory allowance of five hundred dollars against the same eighty acres of land described in the complaint in this action. To the complaint of Hurley, administrator, appellant filed an answer, averring the will of James McIver, and alleging that Lucretia, the widow, had elected to accept and take the provision made for her in the will of her deceased husband. To this answer Hurley, administrator, filed a demurrer, which was overruled and an appeal taken, and the judgment affirmed. See *Hurley* v. *McIver*, 119 Ind. 53.   The appellees objected to the introduction of the record, and the court sustained the objection and excluded the evidence, and it is insisted that such ruling is erroneous. It is contended by counsel for appellant that the question involved in this case is as to whether or not the widow, Lucretia, accepted the provisions of the will of her deceased husband, and that the same question was involved in the former case of the administrator for the recovery of the five hundred dollars, and that such question was adjudicated in that case in favor of the appellant; that the appellees were parties to the former ac-

tion, are bound by such adjudication and estopped from again litigating the same in this case.

The former case was an action by the administrator of the estate of Lucretia, the widow of James McIver, to recover the five hundred dollars which it was contended she was entitled to by virtue of the statute, and which had not been paid to her in her lifetime, and to subject to sale for its payment eighty acres of land owned by James McIver in his lifetime. To this action the appellant, Johnson, who had purchased the land, was made a party to answer as to his interest. The appellees were made parties by reason of being the heirs of James McIver. They were sued as heirs. They were called upon to set up any defence they had against the right of the administrator to sell the real estate. The appellant Johnson came into court and answered the complaint of the administrator, setting up a defence which was held valid, and recovered a final judgment in his favor. This set at rest the question involved in the issues joined between the administrator, Hurley, and Johnson, but the appellees, being sued as heirs, were not bound by questions presented by Johnson in his answer to the complaint showing himself to be the owner of the land.

If Johnson desired to bind the appellees, who were his co-defendants in the former action, by the adjudication in that cause, he possibly might have done so by filing a cross-complaint, making them parties to it. Being brought into court by the administrator, as the heirs of James McIver, to answer and set up any defence they might have to the recovery by the administrator of the $500, and the subjecting of the land to sale for the payment of the same, they were not bound by a defence that Johnson pleaded to the action. They were not called upon to join issue on the facts alleged in Johnson's answer, nor were they called upon in that action to either affirm or deny the truth of the allegations of the answer. The action was not such as to require the joining of any issues between Johnson and the appellees; hence

they are not estopped by the judgment in that case from asserting title to the land.

It is a well-settled doctrine, that where a party is sued in a particular capacity, he is only bound in the capacity in which he is sued. *Craighead* v. *Dalton*, 105 Ind. 72, 76, and authorities there cited; *Erwin* v. *Garner*, 108 Ind. 488; *Jones* v. *Vert*, 121 Ind. 140.

The court did not err in holding that the record in the former case was not proper evidence.

It is urged that the verdict is not sustained by sufficient evidence, but we think there is sufficient evidence to sustain the verdict. It is suggested that the court erred in refusing to grant a continuance. We have examined the question, and do not think there was any error in this ruling.

Judgment affirmed, with costs.

COFFEY, C. J., took no part in the decision of this cause.
Filed Sept. 18, 1891.