## MARTZ v. COOK.

[No. 3,425. Filled April 3, 1900.]

APPEAL AND ERROR.—*Waiver.*—Assignments of error which are not discussed are waived. *pp. 432, 433.*

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial should not be granted on account of newly discovered evidence, unless the evidence is of such a character that it would probably change the result. *pp. 433, 434.*

EVIDENCE.—*Impeachment.*—A question asked defendant's witness on cross-examination, for the purpose of impeachment, as to a certain statement made by him, was proper, although it was not shown that defendant was present at the time the statement was made. *pp. 434, 435.*

From the Montgomery Circuit Court. *Affirmed.*

*F. P. Mount, R. Caldwell, G. Johnson* and *J. H. Johnson,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellee.

COMSTOCK, J.—Appellee sued appellant, alleging that he had executed to her his note for $1,800 as payment for her undivided interest in certain real estate, the property of her husband, Lincoln Cook, who had made an assignment for the benefit of his creditors. She further alleged that her husband wrongfully and without right took possession of said note, and wrongfully and without right, and without her consent, delivered it to appellant, who still holds the same, and that it was due and unpaid. Appellant answered in two paragraphs,—the first a general denial, the second, payment. To the second paragraph appellee replied in general denial. The cause was tried by a jury, a general verdict returned in favor of appellee, and judgment rendered thereon for $2,142.99.

The only error assigned is the action of the court in overruling appellant's motion for a new trial. Only the second, seventh, eighth, eleventh, twelfth, and thirteenth reasons

for a new trial are discussed by appellant's counsel. They will be considered in the order named. The others, under the rule, are waived.

The second reason for a new trial is that the verdict of the jury is not sustained by sufficient evidence. The execution of the note was not denied. The ultimate question under the issues was the payment of the note. Counsel for appellant, while disclaiming any request upon this court to weigh the evidence, admit that, while appellant and two members of his family testified to the payment, that the husband testified that it was not made, and insist that the evidence was insufficient to justify the verdict. There was, too, a conflict in the evidence as to whether appellant was authorized by appellee to pay the husband. These were questions of fact submitted to the jury, and upon which they necessarily passed in forming the verdict. We are unable to see, notwithstanding the very able argument of appellant's counsel, how the judgment could be disturbed without weighing the evidence.

The seventh reason is based on newly discovered evidence, consisting of a letter written by appellee to one John Buskirk, in which she mentions money due them from one George, which she says that they must have. The tone of the letter indicates poverty. It was written October 13, 1897. The note was dated January 21, 1897, due thirty days after date. Appellant testified that he paid off the note in February, 1897, before it was due. The letter was, therefore, written some eight months after appellant claimed to have paid the note. The letter speaks of the sickness of her husband, and expresses fear that he is becoming insane. Counsel for appellant claim that this letter, showing the necessitous condition of the family, is inconsistent with the proposition that appellant was at the time indebted to her on a note past due, for a large amount, of which she made no mention, and insist that this circumstance would make

it probable to the minds of the jury that the note in question had been paid. This letter would have been competent. A new trial could not be granted for newly discovered evidence unless of such a character that it would probably, in the event of a new trial, change the result. The letter in question does not offer such promise. John Buskirk, to whom the letter was written, was a witness for appellant. The record fails to show that any diligence was used to discover it.

The eighth reason for a new trial is also newly discovered evidence, as follows: Sarah A. Blue, who resided in Montgomery county, knew and would swear to the following facts: In July, 1890, she visited at the home of the defendant, and there, in a conversation with Lottie Martz, wife of appellant, was informed by her that she, Lottie, had received, and had in her possession in the house then, the money she had inherited from her mother's estate, and intended to build a house with it. It is not necessary to state the purpose of this testimony, nor to determine whether due diligence was used to discover it. It was not competent, and could not properly have been admitted if offered.

The eleventh and twelfth reasons for a new trial are based upon the action of the court in permitting certain impeaching questions to be put by counsel for appellee to John Buskirk, a witness for appellant. The record, however, fails to disclose that either of said questions were objected or excepted to by counsel for appellant, or that any motion was made to strike them and the answers thereto out. These reasons, therefore, present no question for review.

The court permitted counsel for appellee to ask the witness Buskirk upon cross-examination the following question: "I will ask you if you did not tell Dr. Sheppard at that time [the time and place having been fixed by previous questions and answers], that this farm of Lincoln Cook had been sold

by him, but that the sale was a sham sale, as the land was to be transferred back to Mrs. Cook." To which question counsel for appellant objected on the ground that the alleged conversation was had between the witness and a third person in the absence of defendant, and was in no way connected with this suit. This action of the court is made the thirteenth reason for a new trial, and is the remaining question discussed by appellant's counsel. The ground of the objection stated to the trial court is the one upon which the ruling complained of should be judged. *Fitzpatrick* v. *Papa*, 89 Ind. 17. Buskirk was an important witness for appellant. He was the assignee of appellee's husband. The testimony of this witness was that the assignment from Cook to the witness, and all the transactions growing out of it in which he took part, were fair and regular. For the purpose of impeachment, the question was proper, without reference to the presence or absence of appellant. We find no error. Judgment affirmed.