## KIRK v. TRABUE ET AL.

[No. 8,999.   Filed April 4, 1916.]

1. FRAUD.—*Burden of Proof.*—*False Representations.*—*Knowledge.*—In an action for damages for false representations in the sale of a horse, plaintiff must prove that defendant knew that the horse was not as represented, or that he was chargeable with such knowledge.   p. 466.

2. NEW TRIAL.—*Newly Discovered Evidence.*—*Cumulative Evidence.*—A new trial will not be granted for newly discovered evidence which is merely cumulative, of the same kind and to the same point as that given at the trial.   p. 467.

3. FRAUD.—*Parties.*—*Liability.*—*Evidence.*—In an action against two defendants for damages for fraudulent representations in the sale of a horse, where the evidence showed that one of the defendants had no interest in the horse, although the check given in payment for same was made payable to him, the court did not err in instructing the jury that a verdict should be returned in his favor.   p. 468.

From Rush Circuit Court; *John D. Megee,* Judge.

Action by John F. Kirk against Samuel H. Trabue and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John H. Kiplinger,* for appellant.

*Samuel L. Trabue* and *Donald L. Smith,* for appellees.

IBACH, C. J.—This was an action for damages growing out of the sale of a horse, alleged to have been owned by appellees, and sold to appellant, at a public auction sale held by the Combination Sales Company.   The evidence showed that appellee Harry Trabue stated at the sale that the mare was "sound and all right" as far as he knew.   It also appeared that the mare was not sound, but was moon-eyed, and that moon-eyed horses become blind eventually.   The theory of the complaint is to recover damages for

false representation and, in order to make out such theory, it was incumbent on appellant to prove that appellee, Harry Trabue, knew the mare was not sound, or was chargeable with such knowledge, when he made the above quoted statement.

The first error assigned is in overruling appellant's motion for new trial on account of newly discovered evidence. The substance of the evidence set out in such motion was that one person 2. heard Harry Trabue say shortly before the sale that the mare in controversy had distemper and looked as if she was affected in the eyes, and that another heard Harry Trabue say about the same time that there was something the matter with the mare's eyes, and that he was going to see Dr. Huber about them. There was evidence given at the trial by one witness that Harry Trabue said he was going to sell the mare, and would have to do something for her eyes before he could sell her to advantage, and that he had a veterinary give her treatment for two weeks before the sale, and another witness had helped him put medicine in her eyes, and Harry Trabue himself admitted that he had treated her eyes with medicine shortly before the sale. Thus, evidence of the same kind as that which was alleged to have been discovered, and to the same point, was given at the trial. "Evidence of the same kind to the same point is cumulative, and evidence of verbal admissions is of the same kind when other verbal admissions to the same point were proved on the trial." *Hines* v. *Driver* (1885), 100 Ind. 315, 329. The principle is settled that a new trial will not be granted for newly discovered evidence which is merely cumulative, and the evidence for which such trial was sought in the present case is cumulative.

Error is also assigned because the court instructed the jury that the evidence showed that Samuel H. Trabue at the time of the sale had no interest in the mare, and a verdict should be returned in his favor. There was evidence that Harry Trabue bought the mare and gave a note for her which he afterward paid by check. This note was in evidence. Harry Trabue said he owned the mare and his father (appellee Samuel H. Trabue) had no interest in her. Samuel H. Trabue stated that he had no interest in the mare. She was entered at the sale in the name of Harry Trabue, and sold for him. It was alleged in the complaint that both appellees were the owners of the mare, but there were no allegations showing any fraud on the part of Samuel H. Trabue. There was evidence that the check by which appellant paid for the mare was made out to Samuel H. Trabue, for the reason given that Harry Trabue had gone home from the sale at the time. This is not evidence from which the jury would be permitted to infer that Samuel H. Trabue was a part owner of the mare, in the absence of any other evidence to show such fact. The court did not err in the instruction above mentioned. Judgment affirmed.

NOTE.—Reported in 112 N. E. 26. As to right of action for false representation, see 18 Ann. St. 555. As to presumption and burden of proof as to fraud, see 1 Ann. Cas. 809. As to what is cumulative evidence within the rule excluding it when offered as newly discovered evidence in support of a motion for new trial, see Ann. Cas. 1913 D 157.