KOBER v. BOYCE ET AL.

[No. 9,197.  Filed January 26, 1917.  Rehearing denied April 20, 1917.  Transfer denied June 8, 1917.]

1. APPEAL.—*Briefs.—Sufficiency.*—Assignments of error in overruling demurrers present no question for review, where neither the demurrers referred to, nor the substance thereof, are set out in appellant's brief.  p. 682.

2. APPEAL.—*Briefs.—Waiver of Error.*—An assignment of error is waived by appellant's failure to discuss it in his brief.  p. 682.

3. APPEAL.—*Review.—Evidence.—Sufficiency.*—The court on appeal will not disturb a finding on a disputed question of fact, if there is evidence in the record on which the finding can stand.  pp. 682, 683.

4. APPEAL.—*Briefs.—Sufficiency.*—Grounds for new trial which are not discussed in appellant's briefs are waived.  p. 682.

5. NEW TRIAL.—*Grounds.*—Specifications in a motion for a new trial that "the finding is not fairly supported by the evidence" and that the finding "is clearly against the weight of the evidence," are not recognized by the statute as grounds for a new trial in civil cases.  p. 682.

6. VENDOR AND PURCHASER.—*Action to Quiet Title.—Evidence.—Admissibility.—Vendee's Diligence.*—On a cross-complaint filed in an action to recover on promissory notes, to foreclose a real estate mortgage, and to expunge from the record a release thereof, testimony of a cross-complainant that before he purchased the land described in the mortgage from another defendant he required an abstract of title, and an affidavit made by cross-complainant's vendor, as a condition precedent to making the purchase, was properly admitted as tending to prove that cross-complainant was diligent in his efforts to ascertain the condition of the title to the land purchased, that he

relied upon the public records as to the things disclosed thereby and on his vendor's affidavit as to certain things not disclosed by the records, and that, as to plaintiff's claim, he was an innocent purchaser in good faith. p. 683.

7. NEW TRIAL.—*Grounds.*—*Newly-Discovered Evidence.*—*Motion.* —*Requisites.*—A new trial will not be granted on the ground of new evidence when it is merely cumulative or impeaching, or where the new evidence would not probably change the result, or the motion does not contain a detailed statement of the facts constituting the diligence alleged, so that the court may draw its own conclusion as to whether there was due diligence, or when, if the diligence alleged consists in making inquiries, the time, place, and circumstances are not stated in the motion, in order that the court may know that such inquiries. were made in th_ proper quarter and in due season. p. 684.

From Washington Circuit Court; *James P. Hughes,* Special Judge.

Action by William A. Kober against William A. Boyce and others to recover on promissory notes, to foreclose a mortgage on real estate, and to expunge from the record a release of the mortgage, and defendants Henry C. Fear and Laura B. Fear filed a cross-complaint to quiet title to the real estate described in the mortgage. From a personal judgment for plaintiff against Boyce, a decree quieting cross-complainants' title as against plaintiff, and judgment in favor of all other defendants for their costs, the plaintiff appeals. *Affirmed.*

*Mitchell & Mitchell* and *Wilber W. Hottel,* for appellant.

*H. H. Griffin* and *Elliott & Houston,* for appellees.

DAUSMAN, J.—This action was instituted by appellant Kober to recover on promissory notes, to foreclose a mortgage on real estate, and to expunge from the record a release of the mortgage, which release he alleged to be a forgery. Appellee William A. Boyce suffered himself to be defaulted; all other appellees answered; and appellees Henry C. Fear and Laura B. Fear filed a cross-complaint to quiet title to the real

estate described in the mortgage. The court found the facts specially and stated conclusions of law thereon. There was a personal judgment for appellant against appellee William A. Boyce only, a decree quieting the Fears' title as against Kober, and judgment in favor of all other appellees for their costs. Kober's motion for a new trial was overruled.

The following is a condensed statement of the special finding of facts: (1) That on December 28, 1907, William A. Boyce and his wife, Edith H. Boyce, sold and conveyed by warranty deed to Andrewville E. Hunter and his wife, Ida V. Hunter, certain real estate in Washington county, Indiana; and that said deed was duly recorded in the recorder's office of said Washington county on December 31, 1907.

(2) That as part of the purchase price for said real estate, Andrewville E. Hunter executed his four promissory notes, payable to the order of said William A. Boyce, at Peoples Bank, Indianapolis, Indiana, in six, twelve, eighteen and twenty-four months from date, and in the sum of $500 each; that to secure the payment of said notes the said Hunter and Hunter on said day executed to the said William A. Boyce their mortgage on said real estate; and that said mortgage was duly recorded in the office of the recorder of said Washington county on December 31, 1907.

(3) That on December 28, 1907, William A. Kober sold to said William A. Boyce a tract of land in Jay county, Indiana, and as part of the consideration therefor the said William A. Boyce executed to said Kober the principal note herein sued on in the sum of $1,500, and to secure the payment thereof turned over to said Kober and assigned by endorsement thereon and by his written agreement, as collateral security, the four promissory notes mentioned in item two of this finding, and also assigned the said mortgage to said Kober;

and that said mortgage and the assignment thereof were duly recorded in the office of the recorder of said Washington county on December 31, 1907.

(4)    That on December 28, 1907, the said Andrewville E. Hunter and his said wife sold and conveyed to said William A. Boyce by deed of general warranty the said real estate in said Washington county and mentioned in item one of this finding; that as part of the consideration for said real estate the said William A. Boyce assumed and agreed to pay all incumbrances on said land, including the four promissory notes executed by Andrewville E. Hunter to William A. Boyce, which notes were secured by the mortgage mentioned in item two of this finding, being the identical notes and mortgage assigned to Kober by said William A. Boyce; and that said deed was duly recorded in the office of the recorder of said Washington county on March 19, 1908.

(5)    That on April 11, 1908, the said William A. Boyce executed to Henry C. Fear and Laura B. Fear a deed of general warranty to the said real estate in said Washington county, which real estate is described in item one of this finding; and that said Fear and Fear, before the filing of this suit had fully paid the said William A. Boyce the purchase money therefor.

(6)    That said Fear and Fear, before receiving and accepting said deed from said Boyce, had the records of the offices of the clerk, treasurer, auditor and recorder of said Washington county examined and an abstract of the title to the real estate described in item one of this finding made, as said title appeared from the records of said several offices; that the said records showed that the mortgage given by said Hunter and Hunter to said Boyce had been fully paid and satisfied and that a release of the said mortgage had been duly recorded in the office of the recorder of said Washington county, and that said release purported to have been signed by

William A. Boyce and William A. Kober and purported to have been duly acknowledged by each of them before Noel Williams, notary public in and for Marion county, Indiana; and that said Fear and Fear, upon the faith of the foregoing facts, paid a valuable consideration for said real estate, to wit, $6,500, without any notice or knowledge of the claim of said Kober that said mortgage had not been satisfied.

(7) That the said William A. Boyce and the said William A. Kober, on March 17, 1908, at the city of Indianapolis, Indiana, duly executed and acknowledged a release and satisfaction in full of the mortgage given by said Hunter and Hunter to said William A. Boyce and by him assigned to said William A. Kober; and that said release of the said mortgage was duly recorded in the office of the recorder of said Washington county on March 19, 1908.

(8) That there is now due and unpaid on the said $1,500 note executed by said Boyce to said Kober the sum of $1,009.93.

On the finding of facts the court stated conclusions of law to the effect that the law is with Kober as against Boyce, and that Kober should recover of and from Boyce the sum of $1,009.93 together with his costs; that the law is with all the other appellees as against Kober; and that the law is with appellees Fear and Fear as against Kober with respect to their cross-complaint, and that they should have their title to the land described in item one of the finding quieted as against him.

The following errors are assigned: (1) The overruling of appellant's demurrer to the seventh paragraph of the separate answer of appellees Henry C. Fear and Laura B. Fear. (2) The overruling of appellant's demurrer to the ninth paragraph of the separate answer of said Henry C. Fear and Laura B. Fear. (3) The

conclusions of law stated on the special finding of facts. (4) The overruling of the motion for a new trial. (5) The overruling of appellant's demurrer to the second paragraph of the separate answer of appellees Andrewville E. Hunter and Ida V. Hunter.

None of the demurrers referred to in the first, second and fifth assignments, nor the substance thereof, is set out in appellant's brief. Therefore, these assignments present nothing for the consideration of this court. *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090. The third assignment is waived by reason of appellant's utter failure to discuss it in his brief.

Under the fourth assignment we are called upon to review the action of the court in overruling the motion for a new trial. This motion contains nine specifications:

(1) "The finding of the court is not sustained by sufficient evidence." There is an abundance of evidence tending to support the finding; and the utmost that can be said in favor of this contention is that the evidence is conflicting as to some of the matters in issue. The rule is that this court will not disturb the finding on a disputed question of fact if there is evidence in the record on which the finding can stand. *Martin* v. *Cauble* (1880), 72 Ind. 67; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 34 N. E. 227.

(2) "The finding of the court is contrary to law." This point is waived by appellant's failure to discuss it in his brief.

(3) and (4) "The finding is not fairly supported by the evidence;" and the finding "is clearly against the weight of the evidence." These specifications state nothing recognized by the

statute as ground for a new trial in civil cases. *Lynch v. Milwaukee Harvester Co.* (1902), 159 Ind. 675, 65 N. E. 1025.

(5) This specification challenges the items of the special finding separately on the ground that none of said items "considered separately and alone, is sustained by sufficient evidence." What we have said concerning the first specification applies with equal force to this one.

(6) The court erred in excluding a document marked exhibit "H", which document the parties call "the certified copy of a money order," but which in fact purports to be a certified copy of an *application* for a money order. Our examination of the bill of exceptions discloses that this document never was offered in evidence.

(7) ·The court erred in permitting appellee Henry C. Fear to testify that before he purchased the land described in the mortgage he required an abstract of the title thereto; and (8) that the court erred in admitting in evidence a document marked exhibit "U", which document is the affidavit made by Boyce and which Fear required of him as a condition precedent to making the purchase. The evidence designated in the last two specifications was properly admitted on the theory that it tended to prove that Fear was diligent in his efforts to ascertain the condition of the title to the land·he purchased; that he relied on the public records as to the things disclosed by the records and on the affidavit of his grantor as to certain things not disclosed by the records; and that, as to Kober's claim, he was an innocent purchaser in good faith.

(9) This specification rests on the ground of newly-discovered evidence. It appears on the face of the document purporting to be a release of the mortgage

and a satisfaction of the notes thereby secured that it was acknowledged by both Kober and Boyce before a notary public at Indianapolis on March 17, 1908. Kober testified that he did not execute the release and that he was in Toledo, Ohio, during that entire day. He supplemented his testimony by the testimony of three other witnesses, tending to prove his whereabouts on that day. As indicated in his motion for a new trial, he claims to have found since the trial two additional witnesses who will testify that they saw him in Toledo on that day. For the purpose of showing diligence he states in his motion "that he made ·diligent inquiry of persons who he thought might know. of his whereabouts on said 17th day of March, 1908; that it was only within the last few days that he discovered that the witnesses whose affidavits are filed with this motion knew or had any means of knowing the facts set forth in said affidavits."

It is the duty of a party to an action to be zealous for .his rights and to make diligent effort to discover and procure his evidence before going to trial. Because this duty rests upon every. litigant the rule has been established that the courts will scrutinize a motion for a new trial on the ground of newly-discovered evidence; that a new trial will not be granted in order to hear new evidence that is merely cumulative or impeaching; or where the alleged newly-discovered evidence would not probably change the result; or where the motion does not contain a detailed statement of the facts constituting the alleged diligence, in order that the court may draw its own conclusion as to whether or. not there was due diligence; or where, if the alleged diligence consists in making inquiries, the time, place, and circumstances are not stated in the motion, to the end that the court may know that such inquiries were made in the proper

quarter and in due season. *McDonald* v. *Coryell* (1893), 134 Ind. 493, 34 N. E. 7; *Smith* v. *State* (1896), 143 Ind. 685, 42 N. E. 913; *Graham* v. *Payne* (1890), 122 Ind. 403, 24 N. E. 216. As to this specification the court committed no error.

We are of the opinion that substantial justice to all the parties has been done by the trial court. Judgment affirmed.

Hottel, J., did not participate in the consideration of this appeal.

NOTE.—Reported in 114 N. E. 891.