MERCHANTS HEAT AND LIGHT COMPANY *v.* HOFF-
MEYER ET AL.

[No. 11,138.    Filed March 15, .1922.]

1.  PLEADING. — *Complaint.* — *Amendment.* — *Discretion of Trial Court.*—In an action against an electric light company for personal injuries, where the complaint alleged negligent failure to have a guy wire or other device to support a designated pole, and other negligence, leave to amend the complaint at the conclusion of plaintiff's evidence so as to allege failure to have a guy wire on another pole, *held* not an abuse of discretion by the trial court.  p. 18.

2.  ELECTRICITY. — *Personal Injuries.* — *Verdict.* — *Sufficiency of Evidence.*—In an action against an electric light company for injuries sustained when plaintiff came in contact with a highly charged electric wire, evidence *held* sufficient to support a verdict finding defendant negligent in failing to provide a guy wire to keep its pole upright, which failure permitted service wires thereon to sag and to come in contact with high tension wires beneath them, resulting in plaintiff's injuries when he came in contact with such service wires.  p. 19.

3.  APPEAL.—*Review.*—*Harmless Error.*—*Refusal of Instructions.* —In an action against an electric light company for personal injuries in which the complaint alleged negligent failure to have a ground wire attached to a transformer, and other negligence, the refusal of defendant's requested instruction as to its duty to have such a wire attached to the transformer *held* harmless, in view of the jury's answer to a special interrogatory stating that the sole proximate cause of plaintiff's injury was that a pole had not been properly "guyed" or supported. p. 20.

4.  NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.* — To justify granting a new trial on the ground of newly-discovered evidence, the application must state facts which show that the moving party has not been guilty of any negligence in failing to produce such testimony at the former trial.  p. 20.

5.  NEW TRIAL.—*Newly-Discovered Evidence.*—*Cumulative Evidence.*—Newly-discovered evidence which justifies the granting of a new trial must be such as to create a strong probability that a different result would be reached on new trial, and must not be merely cumulative.  p. 20.

From Marion Superior Court (A9,712) ; *Arthur R. Robinson,* Judge.

Action by Albert Hoffmeyer against the Merchants Heat and Light Company and another. From a judgment for plaintiff against the named defendant, it appeals. *Affirmed.*

*James W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellant.

*Frank C. Groninger, Taylor E. Groninger* and *Ella M. Groninger,* for appellees.

ENLOE, J.—This was an action by the appellee Albert Hoffmeyer against the appellant, hereinafter called the Merchants Company, and the Indianapolis Light and Heat Company, hereinafter called the Indianapolis Company, to recover damages alleged to have been sustained by reason of shock received and burns suffered from coming in contact with an electric wire which was accidentally carrying a high current. At the time said appellee received said injuries he was at work as an electrician, installing wiring and appliances at the residence of one Lichtenberg, at No. 4321 Park avenue, Indianapolis. The cause being at issue was submitted to a jury for trial, resulting in a verdict for appellee Hoffmeyer, against the appellant. The verdict was in favor of the Indianapolis Company.

The appellant's motion for a new trial having been overruled it prosecutes this appeal, and has presented for our consideration the matters hereinafter discussed.

It appears from the record that the Merchants Company and the Indianapolis Company each maintained a line of poles along the north side of Forty-second street in the city of Indianapolis, extending from the alley between Broadway and Park avenue eastward; that the poles of the Merchants Company were some four or five feet taller than those of the Indianapolis Company; that each line of poles carried both "primary," (high ten-

sion) and "secondary" (service current) wires; that the poles of both companies were in the same line, and that the cross-arms to which the wires of the Merchants Company were attached were some three or four feet higher, (above) those of the Indianapolis Company; that just north of Forty-second street, in the alley, the Merchants Company had placed a "transformer" for the purpose of reducing the voltage from the said primary wires, so that the current could be used for domestic purposes; that the Merchants Company was furnishing electric current over its wires to the house and home of said Lichtenberg.

The acts of negligence charged in the complaint as against appellant company and upon which the parties went to trial were:   Failure of said Merchants

1.   Company to have a guy wire or other device to support the pole of said company standing near the intersection of said alley and Forty-second street, and keep it from getting out of a perpendicular position, and thereby allowing the wires attached to said pole to sag and come in contact with the wires of the Indianapolis Company; failure to have a ground wire. connecting said transformer with the earth; negligently maintaining its "secondary" (service) wires in close proximity to the "primary" (high tension) wires of the Indianapolis Company so that said secondary wires sagged and came in contact with said primary wires; and that the said wires were not properly insulated.   At the conclusion of the evidence on behalf of appellee Hoffmeyer, his attorney requested permission to amend the complaint so as to include a charge of negligence, as against appellant, in not having a guy wire attached to the pole of said company at Forty-second street and Broadway, to protect said pole from leaning to the west, and thereby allowing the wires thereon to sag and come in contact with the primary wires of said Indianapolis

Company.  Over objection by appellant this amendment was permitted.  An answer of general denial was then filed to the complaint as amended.  Appellant insists that the court erred in so permitting said complaint to be amended.  There was no motion to set aside the submission of said cause, and for a continuance on the ground that appellant was not prepared to meet the new charge of negligence.  On the contrary, without having made any request or motion for any delay of the trial, they proceeded to introduce evidence on behalf of the defendants.  Their conduct would indicate that counsel for appellant were then of the opinion that they were fully prepared to meet the new charge of negligence thus inserted by amendment.  The record does not show an abuse of discretion by the trial court in allowing said amendment.  *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985.

The appellant next insists that the verdict is not sustained by sufficient evidence, and is contrary to law.

It was in evidence that the injury was received shortly before two o'clock p. m., April 16, 1920.  One witness testified that she "saw the flame on the wires" about a quarter of two; that they were burning about thirty feet east of the alley on the north side of Forty-second street between Broadway and Park avenue; that they continued to burn for possibly five minutes.  Another witness testified that there was no guy wire to the pole standing to the east, near Broadway; that the absence of the guy wire allowed the pole to pull over to the west, and let the wires of the Merchants Company sag low enough to come in contact with the wires below them belonging to the Indianapolis Company.  Still another witness testified that the Merchants' wires were sagging down right close to the primary wires of the Indianapolis Company, and that these primary wires were carrying 2,300 volts.  This witness

also testified that the said pole near Broadway had no guy wire to the east to prevent it leaning and the wires sagging. This was sufficient evidence to support the verdict.

The jury by their answer to an interrogatory submitted to them said that they found that "The sole proximate cause of the injury to the plaintiff was that

3. a pole of Merchants Heat & Light Company had not been properly guyed or supported, and as a result thereof a wire or wires of Merchants Heat & Light Company had sagged down against a wire or wires of Indianapolis Light & Heat Company." In this condition of the record the appellant was not harmed by the refusal of the court to give appellant's requested instruction No. 4, which instruction related to the duty of appellant as to having a ground wire to said transformer. Neither did the court err in overruling appellant's motion for judgment in its favor on the answers returned by the jury to interrogatories submitted. These answers support, rather than weaken, the verdict as returned.

Lastly the appellant insists that the court erred in overruling its motion for a new trial, because of the newly-discovered evidence therein set forth.

In order to justify a court in setting aside a verdict and granting a new trial on the ground of newly-discovered evidence, the application therefor should

4, 5. state facts which show that the moving party has not been guilty of any negligence in failing to produce such testimony at the former trial; that the newly-discovered evidence is such as to create a strong probability that if a new trial were granted a different result would be reached; and finally, such evidence must not be merely cumulative. *Kober* v. *Boyce* (1917), 64 Ind. App. 677, 114 N. E. 891; *Martz* v. *Cook* (1900), 24 Ind. App. 432, 56 N. E. 951; *Kirk* v. *Trabue* (1916),

61 Ind. App. 466, 112 N. E. 26. After a careful reading of the various affidavits concerning said newly-discovered testimony, we are of the opinion that the court did not err in the matter complained of. We find no error. Judgment affirmed.