## Seymour *v.* Seymour

[No. 16,698. Filed November 14, 1941. Rehearing denied December 5, 1941.]

*Robert A. Buhler,* of Fort Wayne, for appellant.

*Lee J. Hartzell, L. A. Todd* and *Guy Nichols,* all of Fort Wayne (*Claude Cline,* of Huntington, of counsel), for appellee.

FLANAGAN, J.—The only error relied upon for reversal in this case is the overruling of appellant's motion for a new trial. Twelve reasons are assigned. Assigned reasons for a new trial numbered 1 and 2 are that (1) the decision of the court is not sustained by sufficient evidence, and (2) the decision of the court is contrary to law.

In appellant's brief under his "Propositions, Points and Authorities" he sets forth as his Proposition 2, "The decision of the court below is contrary to law," states that "the evidence fully sustains this point," and then refers to points and authorities under Proposition 1.

Under his Proposition 1 appellant states, "The decision of the court is not sustained by sufficient evidence." Then follows twenty-four "points," covering sixteen pages, consisting of recitals from, and interpretations of, parts of the evidence, together with argument, all neither applied nor applicable to the stated proposition. Then follows under the heading "authorities" sixteen pages of citations, together with quotations from

decided cases, none of which are applicable to the proposition.

Section 2-17(f) of the Rules of the Supreme Court of Indiana reads as follows:

"The briefs shall contain under the heading, 'Propositions and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. Assigned error which is not set out in this part of the brief and supported by propositions, points, and authorities will not be considered. If more than three authorities are cited in support of a point made, the three authorities principally relied upon shall be cited first and printed in black-faced type, or in capitals if the brief is typewritten. In citing cases the names of the parties must be given, the year of final disposition, and the book and page where reported. Indiana cases officially reported must be cited and quoted from the book and page of the official reports. Following that part of the brief headed, 'Propositions and Authorities,' and under the heading 'Argument,' there shall follow a discussion elaborating the propositions and points of law and authorities theretofore cited. All argument and elaboration of propositions and application of legal principles and authorities to the questions presented shall be confined to this part of the brief. Errors assigned and not treated as herein directed shall be deemed to be waived."

There being no real or substantial compliance with these rules, no questions are presented under specifications numbered 1 and 2 of the motion for a new trial.

Assigned reasons numbered 3 and 4 are that the "decision" and "judgment" respectively "is clearly against the weight of the evidence, equitable relief being sought." Number 5 states that "the court erred in deciding that the judgment for alimony sought to be vacated was granted upon the statutory contemplation that such judgment was rendered as the circumstances of the parties shall render proper, etc." Number 12 states that "the court erred in not considering in its findings a certain written agreement, etc." Said reasons 3, 4, 5 and 12 state nothing recognized by the statute as ground for a new trial and therefore they present no questions. *Kober* v. *Boyce* (1917), 64 Ind. App. 677, 114 N. E. 891; *Rosenzweig* v. *Frazer* (1882), 82 Ind. 342.

Assigned reasons numbered 6, 7 and 8 concern the action of the trial court in sustaining motions to strike parts of appellant's complaint and assigned reason numbered 9 concerns the ruling of the court in sustaining a demurrer to appellant's amended complaint. These specifications relate to the pleadings, are not proper grounds for a new trial, and therefore no questions are here presented in regard to such rulings. § 2-2401, Burns' 1933; § 368, Baldwin's 1934; *Knickerbocker Ice Company* v. *Gray* (1905), 165 Ind. 140, 142, 72 N. E. 869; *Bradley* v. *Onstott* (1914), 180 Ind. 687, 691, 103 N. E. 798; *Indiana, etc., Gas Co.* v. *Anthony* (1901), 26 Ind. App. 307, 318, 58 N. E. 868.

Assigned reasons numbered 10 and 11 are that the court erred in sustaining objections to testimony of certain witnesses; but no attempt is made to point out or set out even in substance the questions asked, the objections made, or the ruling thereon. No question is therefore presented. *Shank Fireproof Warehouse Co.* v. *Harlan* (1941), 108 Ind.

App. 592, 29 N. E. (2d) 1003; *Heltonville Manufacturing Company* v. *Fields* (1894), 138 Ind. 58, 66, 36 N. E. 529.

No questions having been presented in this appeal, judgment must be affirmed.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 269.