AMERICAN NATIONAL BANK & TRUST COMPANY, ADMINISTRATOR, ETC. *v*. HINES

[No. 567A2. Filed August 20, 1968. Rehearing denied October 9, 1968. Transfer denied February 26, 1969.]

[Page content redacted]

*Bracken, Defur, Voran & Hanley, Marshall E. Hanley,* of Muncie, and *Scotten & Hinshaw, George W. Hand,* of New Castle, for appellant.

*White, Haymond, Pierce, Beasly & Gilkison,* of Muncie, and *James R. Kellam,* of New Castle, for appellees.

**COOPER, J.—This is an appeal from a judgment entered** by the Henry Circuit Court upon a jury verdict in favor of the Appellee, the plaintiff below, and against the appellant in the amount of $17,500.00 and costs.

The record now before us shows that on February 27, 1962, the appellee, Della Hines, was a passenger in a vehicle driven by her husband in Randolph County, Indiana. A collision occurred at a rural intersection in that county resulting in personal injuries to the appellee. The other vehicle was driven by Frances M. Thornburg, who was fatally injured in that collision.

On June 22, 1962, Raymond Thornburg, husband of said Frances M. Thornburg, deceased, filed in the Jay Circuit Court a petition for the appointment of an administrator for the estate of Frances M. Thornburg for the sole purpose of collecting damages for her wrongful death. The Jay Circuit Court granted said petition and appointed Raymond E. Thornburg the Administrator of the estate of Frances M. Thornburg for the sole purpose of collecting damages for her wrongful death.

On September 10, 1962, appellee Della Hines filed an action in the Jay Circuit Court against Raymond E. Thornburg as Administrator of the estate of Frances M. Thornburg, deceased, for damages for personal injuries sustained by her in the aforementioned collision on February 27, 1962. This cause was put at issue, tried before a jury, and on October 4, 1963, in the Jay Circuit Court, a verdict was rendered for

the decedent, against the plaintiff Della Hines, and judgment was entered on the verdict.

Thereafter, on October 16, 1963, in the Delaware Superior Court #2, the appellant American National Bank and Trust Company, was appointed general administrator of the estate of Frances M. Thornburg, deceased. On the following day, October 17, 1963, Della Hines filed an action in the Delaware Superior Court #2, against the appellant as the general administrator of the estate of Frances M. Thornburg, deceased, for damages for personal injuries sustained by her in the said collision which occurred on February 27, 1962.

The appellant entered a special appearance and thereafter filed an answer in abatement, alleging that another action was pending on the same cause of action in the Jay Circuit Court and that by reason thereof the Delaware Superior Court #2 lacked jurisdiction over the subject matter. The appellee responded by filing a reply to the answer in abatement. The facts in the issues raised by said plea in abatement and the reply thereto were stipulated by both parties, and said stipulation of facts was filed in the Delaware Superior Court #2.

The appellant then filed an affidavit for change of venue and the cause was venued to the Henry Circuit Court, wherein a general appearance was filed by the appellant.

On February 9, 1965, the Henry Circuit Court ruled on the Plea in Abatement in favor of the appellee and against the appellant. The appellant then filed a motion to make more specific which was sustained in part and overruled in part, and subsequently the appellee filed her amended complaint on March 27, 1965.

The appellant filed an answer in three paragraphs alleging in the second paragraph thereof that on October 4, 1963, in the Jay Circuit Court, a verdict was rendered and judgment entered for the defendant and against the plaintiff and

the matter was, therefore, res judicata. The third paragraph of answer set out the affirmative defense of estoppel.

The cause was submitted to a jury which returned a verdict in favor of the appellee herein. After judgment was rendered on the verdict the appellant filed the following motion for a new trial:

"Comes now the defendant, American National Bank and Trust Company, as Administrator of the estate of Frances M. Thornburg, deceased, and moves the court for a new trial herein on each of the following grounds, to-wit:

"1. The court erred in overruling defendant's answer in abatement.

"2. The court erred in sustaining the plaintiff's demurrer to defendant's second paragraph of answer addressed to the amended complaint.

"3. The court erred in sustaining the plaintiff's demurrer to defendant's third paragraph of answer addressed to the amended complaint.

"4. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

"5. The court erred in not charging the jury with instructions numbered one (1) through twelve (12) as tendered by the defendant."

The statutory causes for a new trial are set forth in Burns' Indiana Statutes, at Sec. 2-2401. In reviewing the statute, we are of the opinion that specifications of error numbered 1, 2, 3 and 5 of the Appellant's motion cannot be assigned as independent errors in the motion for new trial, but must be assigned under the specification of "Error of law occurring at the trial," the same being specification number 8 of said statute. Therefore, said causes numbered 1, 2, 3 and 5 of the appellant's motion presented no question either to the trial court or to this court on appeal, since the statute does not recognize such specifications as causes for a new trial. See: *Wiggins v. Rose* (1967) 141 Ind.

App. 569, 230 N. E. 2d 636; *Dugan v Dugan* (1945), 115 Ind. App. 329, 58 N. E. 2d 936; *Seymour v. Seymour* (1941), 110 Ind. App. 75, 78, 37 N. E. 2d 269; *State, ex rel Barner et al. v. White Circuit Court, Elwood, Special Judge, etc.* (1958), 237 Ind. 443, 445, 147 N. E. 2d 10. We are of the opinion that the only valid specification of error presented to the trial court and that this court can consider on appeal, was specification number 4 of the appellant's said motion for new trial.

The sole question presented on this appeal is one of law; did the action in the Jay Circuit Court against Raymond E. Thornburg, as Administrator of the estate of Frances M. Thornburg, deceased, set up a bar to the present action against the American National Bank and Trust Company, Administrator of the estate of Frances M. Thornburg, deceased?

The appellant's main contention in the argument portion of its brief is as follows:

> "A plaintiff who selects his defendant, selects his forum, tries his case and loses, has had his day in court.
>
> "The unsuccessful plaintiff is barred by such adverse judgment in a second suit involving the identical issues already decided."

We agree with the appellant's contention, as far as it goes. However, it omits a very important and essential element of the doctrine of res judicata. *The element omitted in the argument is that the causes must be between identical parties.* In the case of *Johnson, et al. v. Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N. E. 367, the Supreme Court made the following statement:

> "Under the approved practice of this State a plea of former adjudication must show: (1) [T]hat the former judgment was rendered by a court of competent jurisdiction; (2) that the matter now in issue was, or might have been, determined in the former suit; (3) *that the*

*particular controversy adjudicated in the former suit was between the parties to the present suit;* and (4) that the judgment in the former suit was rendered on the merits. . . ." (Emphasis ours.)

Essentially the same is true of a plea in abatement alleging that there is another cause pending. In the case of *Needham, et al., v. Wright, et al.,* (1895), 140 Ind. 190, 195, 39 N. E. 510, the court therein stated:

"[T]o constitute a good answer of another cause pending, it must appear that the suit pending is for the same identical cause of action as that in which the answer is interposed, *and that it is between the same parties or their privies.*" (Emphasis ours.)

In reviewing Burns' Indiana Statutes, Sec. 7-415, concerning special administrators, we find that the statute states in part as follows:

". . . The appointment of a special administrator may be for a specified time to perform duties respecting specific property or to perform particular acts as shall be stated in the order of appointment. . ."

Also, Burns' Indiana Statutes, Sec. 7-417, sets out the duty and authority of a special administrator appointed for the purpose of bringing an action for damages for personal injuries resulting in the death of the decedent as follows:

"An administrator collecting damages for personal injury resulting in the death of any decedent, may, at any time, file in the court where he was appointed, his final report with respect to such proceeds, and the same may be approved by the court, and it shall not be necessary to publish any notice of the final settlement of such estate unless the same is ordered by the court. *In the event that said administrator was appointed for the sole purpose of collecting such damages, it shall not be necessary to publish any notice of the issuance of letters of administration.*" (Emphasis ours.)

It appears from the stipulated facts herein that a special administrator was appointed by the Jay Circuit Court to

bring an action for damages for the wrongful death of Frances M. Thornburg, deceased. The pertinent stipulated facts as to the authority of said special administrator are as follows:

> ". . . 1. That on June 22, 1962, Circuit Court of Jay County, Indiana, entered the following order:
>
> 'IN THE MATTER OF THE ESTATE OF FRANCES M. THORNBURG, DECEASED, No. 7226. Comes Now Raymond Thornburg, petitioner in the estate of Frances M. Thornburg, deceased, and files herein his petition for appointment of an administrator for the sole purpose of collecting damages for wrongful death, which petition reads in the words and figures as follows, to-wit: (H.I.)
>
> 'The Court further finds that the purpose of the appointment of an administrator for said decedent is to maintain and prosecute a certain action for wrongful death of said decedent for the benefit of the next of kin of said decedent, and no notice of administration is necessary as provided by law. (Burns' Indiana Statutes, No. 7-417)'
>
> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the petition of said Raymond E. Thornburg be and it is hereby granted and the Court now appoints Raymond E. Thornburg, as the administrator of the estate of Frances M. Thornburg, deceased, *for the sole purpose of collecting damages for the wrongful death of said decedent* and that letters of administration be issued to Raymond E. Thornburg . . ." (Emphasis ours.)

Said Raymond E. Thornburg, as special administrator filed an action against Lewis Hines, husband of the appellee herein, and a settlement of $6,000.00 was effected without the necessity of trial. The appellee herein, Della Hines, then filed a personal injury action against the special administrator in the Jay Circuit Court which was tried before a jury, a verdict rendered and judgment entered in favor of the special administrator of the decedent and against the plaintiff, the appellee herein, on October 4, 1963.

As we have heretofore pointed out, the record shows that on October 16, 1963, the appellant herein was appointed as the general administrator of the estate of the decedent in the Delaware Superior Court #2. On the next day, October 17, 1963, the appellee filed in the Jay Circuit Court an amended motion to dismiss and vacate the proceedings for want of jurisdiction, and she also filed in that cause a motion for a new trial. On the same day, appellee filed in the Delaware Superior Court #2, the complaint in the present action against the appellant herein as the general administrator of the estate.

This court is of the opinion that the two administrators of the estate of Frances Thornburg, served in different fiduciary capacities, and therefore are considered as two separate, distinct parties. The Jay Circuit Court pursuant to section 7-417, Burns' Indiana Statutes, appointed the special administrator for the "sole purpose of collecting damages for the wrongful death of the decedent for the benefit of her next of kin . . ." In the case of *Pettibone, et al. v. Moore* (1945), 223 Ind. 232, 59 N. E. 2d 114, the Supreme Court stated:

> "The appointment of the administrator in this case could not possibly have any effect upon the decedent's estate, as said estate has no interest whatsoever in the prosecution or the result of the suit to be brought, and the assets of the general estate are not liable for the costs or other charges incurred in the prosecution of the same. *Yelton, Admr. v. The Evansville, etc., R. Co.* (1893), 134 Ind. 414, 33 N. E. 629. In a case like the present one, the administrator is not appointed for the estate, but merely for the purpose of acting as a trustee in bringing suit. In fact, death claims can be settled by the beneficiaries without the intervention of an administrator or personal representative. *Fink v. Peden* (1938), 214 Ind. 584, 17 N. E. 2d 95; *Pittsburg, etc., Ry. Co. v. Gipe, Admr.* (1903), 160 Ind. 360, 65 N.E. 1034."

In Indiana, our courts have consistently held in a long line of decisions that "parties to a judicial proceeding are bound by the decision and judgment in such proceeding, *in*

*the capacity and right in which they appear* and not otherwise." (Emphasis ours). *Copeland, et al. v. Brunning, et al., Trustees* (1909), 44 Ind. App. 405, 410; *Johnson v. Graves et al.* (1891), 129 Ind. 124, 128, 28 N. E. 315; *Elliott, et al. v. Frakes* (1880), 71 Ind. 412, 416; *Burrell v. Jean et al.*, (1925), 196 Ind. 187, 202, 146 N. E. 754; *Erwin v. Garner, et al.* (1886), 108 Ind. 488, 9 N. E. 417; West's I.L.E. Vol. 17, *Judgments*, Sec. 415, p. 436.

The appellant contends that "the estate of Frances M. Thornburg was the true defendant in each case, and the estate was called upon and did defend each case." However, the special administrator appointed by the Jay Circuit Court pursuant to Burns' Sec. 7-417, *had only the power to collect damages for the wrongful death of his decedent, Frances M. Thornburg.* Any funds so collected by the special administrator would not have been a part of the decedent's estate, but would have belonged to the surviving spouse or the heirs only. *Fink, et al. v. Peden* (1938), 214 Ind. 584, 596, 17 N. E. 2d 95; *Newton, Admx. v. Hunt* (1952), 122 Ind. App. 146, 156, 103 N. E. 2d 445; *Messenger, Admx. v. Messenger, et al.* (1939), 152 F. Supp. 249; *New York Central R. R. Co. v. Clark, Ext. etc.*, (1964), 136 Ind. App. 57, 68, 197 N. E. 2d 646.

We are bound by the decisions of the foregoing cases, and therefore we must hold in this case that the special administrator appointed by the Jay Circuit Court acted solely in the capacity of trustee for the heirs of the deceased Frances M. Thornburg.

The appellant herein, on the other hand, was appointed as the general administrator to administer the assets of the estate, and to dispose of all claims against the estate. Therefore, the defendant in the Jay Circuit Court, Raymond E. Thornburg, Special Administrator of the estate of Frances M. Thornburg, deceased, and the appellant herein, as the general administrator of the estate of Frances

M. Thornburg, are not the same, and cannot for the purposes of the application of the doctrine of res judicata, be considered as the same party, but must be considered as two separate and distinct parties, and the causes of action against them therefore are two separate and distinct causes.

For all of the above and foregoing reasons, the judgment of the Henry Circuit Court should be affirmed, and the amended motion to dismiss and vacate the proceedings pending in the Jay Circuit Court should be granted.

Judgment affirmed.

Carson, Faulconer and Prime, J.J., concur.

NOTE.—Reported in 239 N. E. 2d 589.